UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JEREMEY C. ROY                                        CASE NO. 15-51217

DEBTOR

HIJ INDUSTRIES, INC., *formerly known as*                PLAINTIFF
*JOMCO, INC.*

V.                                                  ADV. NO. 15-5084

JEREMEY C. ROY                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

      Plaintiff HIJ Industries, Inc. ("HIJ") asserts claims against the Debtor/Defendant seeking

to bar his discharge under 11 U.S.C. § 727(a)(2) and/or except HIJ's claims from the Debtor's

discharge under 11 U.S.C. § 523(a)(6).    Debtor moves to dismiss the Complaint under Federal

Rule of Civil Procedure 12(c), applicable herein pursuant to Federal Rule of Bankruptcy

Procedure 7012(b).[1]    [ECF No. 17.]    For the reasons set forth below, the Motion will be denied.

## PROCEDURAL BACKGROUND

The Complaint

Count I of the Complaint generally alleges the following:

In 2009, Plaintiff and its owners, Jeffrey S. O'Brien and Julie S. O'Brien (the "O'Briens"),
entered into an Asset Purchase Agreement with Elite Machining Services, LLC ("Elite")
for the sale of the Plaintiff's assets.    The purchase price was $885,000.00.    Elite
borrowed a portion of the purchase price from Huntington Bank (via a Small Business
Association loan) and the remaining price was paid via Elite's execution and delivery of
two promissory notes to Plaintiff in the amounts of $42,000.00 and $131,500.00 (the
"Notes").    The Notes were both guaranteed by the Debtor.

---

[1] References to the Federal Rules of Civil Procedure will appear as "Rule ___," and reference to the Federal Rules of
Bankruptcy Procedure will appear as "Bankruptcy Rule ____."

The O'Briens owned the real estate on which the Plaintiff operated.   Contemporaneous with the sale closing, the O'Briens leased the real estate to Elite.   The lease prohibited Elite from assigning or subletting the lease without the prior written consent of the O'Briens.

In June 2011, William O'Rourke formed Jet Products, LLC ("Jet Products"), in which the Debtor was a member.   Thereafter, Jet Products borrowed $541,000.00 from Huntington Bank (via an SBA loan) which the Debtor personally guaranteed.   On December 7, 2011, William O'Rourke, formed Autumnwood Capital, LLC ("Autumnwood"), which formed Elite Machining, LLC ("Machining") on December 9, 2011.

In the interim, Elite defaulted on its Huntington Bank loan, and the bank filed suit to collect on the loan and obtained a Judgment in its favor against Elite.   In March 2012, via a "Secured Party Bill of Sale and Transfer Agreement," Huntington Bank transferred the former assets of Elite to Autumnwood.   Machining took over the operations of Elite upon the closing with no gap in operations between the two.   Elite did not get prior written consent of the landlord to assign the real estate lease as part of the bill of sale.

On May 23, 2012, the landlord filed a forcible detainer action against Autumnwood and Elite.   On June 13, 2012, the state court entered a Judgment against both of the defendants and ordered them to vacate the premises.

On November 14, 2014, Plaintiff filed a complaint for collection of the Notes against the Debtor in state court.   On April 20, 2015, the state court granted Plaintiff's Motion for Summary Judgment.

The Debtor desired to cause the consequences of his actions, namely the avoidance of payment of the Notes, knowing full well that the consequences of his actions were substantially certain to result in the Plaintiff closing on the sale of its assets, causing willful and malicious injury to the Plaintiff.

Plaintiff contends that these allegations are sufficient to state a claim for willful and

malicious injury within the meaning of § 523(a)(6).

Count II of the Complaint generally alleges the following:

After Plaintiff obtained Judgment against the Debtor, it offered the Defendant an opportunity to satisfy the Judgment, and the Debtor represented that he had no intentions of paying the Judgment.

On April 28, 2015, Plaintiff deposed the Debtor, and sought information regarding Debtor's assets.   The Debtor testified that he owned three cars: (1) a 2008 Chevrolet pickup truck titled solely in his name; (2) a 1970 GMC Sierra Truck (the "GMC"); and (3) a 2003 Acura titled in joint name with his wife.   The Defendant believed the GMC was in "mint" condition.   Plaintiff also inquired as to Debtor's intentions to satisfy the Judgment, and Debtor testified that he had contacted an attorney to explore his options with regard to

filing bankruptcy.

Plaintiff then began to take actions to collect on the Judgment.   The actions included placing Judgment Liens on Debtor's residence, wage and bank account garnishments, and attempts to seize and liquidate property (including the GMC).   On April 30, 2015, Plaintiff issued an Execution Order ordering the Fayette County Sheriff to seize the GMC.

On May 4, 2015, the Debtor transferred title to the GMC into joint name with his wife, and on May 11, 2015, Debtor objected to the seizure of the GMC on the grounds that it was protected by a homestead exemption.   On May 15, 2015, the Debtor changed his argument, claiming that the GMC could not be sold in satisfaction of the Judgment because it was jointly titled with his wife.   The Complaint further avers the transfer of title was made with the intent to hinder, delay or defraud a creditor.

On June 12, 2015, the state court heard Debtor's Objection to Execution and ruled that Plaintiff could seize the GMC; and on June 18, 2015, Plaintiff filed a Motion to Compel, asking the state court to compel the Debtor to cooperate with law enforcement in satisfaction of the Execution Order on the GMC.

On June 18, 2015, Debtor filed his bankruptcy petition.   On June 30, 2015, Debtor filed his Schedule B listing his personal property.   Debtor listed a one-half interest in the GMC which was owned jointly with his wife.

Plaintiff contends these allegations are sufficient to state a claim for denial of the Debtor's

discharge pursuant § 727(a)(2) of the Bankruptcy Code.

The Motion to Dismiss

Debtor/Defendant moves to dismiss the Complaint for its alleged failure to state a claim

pursuant to Rule 12(c).   The Motion [ECF No. 17] asserts that the Complaint's allegations assert

only that the Debtor caused an injury to his own business (via the alleged transfers of the assets of

Elite), and did not cause an injury to the Plaintiff or its property.   Plaintiff responds that the

Complaint alleges facts that show that the Debtor engaged in a series of complex transactions as a

subterfuge to avoid payment of the Notes while retaining constructive ownership of assets, and

argues that this satisfies the elements of willful and malicious injury by a debtor to another entity

or the property of another entity.   [ECF No. 32.]   A hearing was held on January 14, 2016.   The

3

Court ordered further briefing [ECF No. 37], and the parties have complied [ECF Nos. 38, 39, 40.] The matter is ripe for decision.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b).   The allegations against the Defendant are core proceedings which this Court is authorized to hear pursuant to 28 U.S.C. § 157(b)(2)(I) and (J).   Venue is proper pursuant to 28 U.S.C. § 1409.

## STANDARD OF REVIEW

Rule 12(c) permits the parties to move for judgment after the pleadings are closed but early enough to avoid delaying the trial.   A Rule 12(c) motion has the same standard as a motion to dismiss under Rule 12(b)(6).   *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).   "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007) (citation omitted) (internal quotation marks omitted).   The Court must grant a 12(c) motion when there is no issue of material fact and the moving party is entitled to judgment as a matter of law.   *Id.* at 582 (citation omitted) (internal quotation marks omitted).

In the Sixth Circuit, courts look to the pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether it is appropriate to grant a Rule 12(c) motion. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).   Rule 8(a)(2), incorporated by Bankruptcy Rule 7008(a), requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   But to survive a Rule 12(c) motion, a complaint must go beyond "the-defendant-unlawfully-harmed-me accusation" and "must contain sufficient factual matter, when accepted as true, to 'state a claim that is plausible on its face.'"   *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570).   "If it

appears beyond doubt that the plaintiff's complaint does not state facts 'sufficient to state a claim

that is plausible on its face,' then the claims must be dismissed."   *Preferred Auto Sales, Inc. v.*

*DCFS USA, LLC*, 625 F. Supp. 2d 459, 462 (E.D. Ky. 2009) (citations omitted).

## ANALYSIS

### A.  Count I-Section 523(a)(6)

Section 523(a)(6) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this
> title does not discharge an individual debtor from any debt—
>
>    . . .
>
>    (6) for willful and malicious injury by the debtor to another entity or to the
> property of another entity.

11 U.S.C. § 523(a)(6).   This discharge exception requires an injury resulting from conduct that is

both willful and malicious.   *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th

Cir. 1999); *Bank of Kentucky, Inc. v. Nageleisen (In re Nageleisen)*, 523 B.R. 522, 529 (Bankr.

E.D. Ky. 2014).   Only acts done with intent to cause injury—and not merely acts done

intentionally—can cause willful and malicious injury.   *Kawaauhau v. Geiger*, 523 U.S. 57, 61

(1998).   "[U]nless 'the actor desires to cause the consequences of his act, or . . . believes that the

consequences are substantially certain to result from it,' he has not committed a willful and

malicious injury as defined under § 523(a)(6).'"   *Markowitz*, 190 F.3d at 464 (quoting

RESTATEMENT (SECOND) OF TORTS § 8A (1964)).   "A malicious injury occurs 'when a person acts

in conscious disregard of [his] duties or without just cause or excuse.'"   *Rice v. Morse (In re*

*Morse)*, 504 B.R. 462, 475 (Bankr. E.D. Tenn. 2014) (citations omitted).   "A finding of

maliciousness does not require a determination of ill-will or specific intent."   *Morse*, 504 B.R. at

475 (citations omitted).   Courts generally view the conduct required to be analogous to an

5

intentional tort.   *See generally Kawaauhau v. Geiger*, 523 U.S. at 61 ("the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts."); *Elza v. United States,* 335 B.R. 654, 659 (E.D. Ky. 2006) (The definition of intentional torts underscores the close relationship to the definition of willful and malicious).   The debt (injury) must be the result of a debtor's willful and malicious conduct.   *Steier v. Best*, 287 B.R. 671, 674 (W.D. Ky. 2002), *aff'd*, 109 F. App'x. 1 (6th Cir. 2004).   Whether analyzed as an element of willfulness or maliciousness, conduct must be intended to or necessarily cause injury before a debt may be determined nondischargeable under § 523(a)(6).   4 COLLIER ON BANKRUPTCY ¶ 523.12[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015).

The Debtor argues that Plaintiff has failed to plead any facts describing an injury to Plaintiff or its property as required by § 523(a)(6).   He asserts that the Plaintiff merely alleged that the Debtor's conduct only caused an injury to his own business (by transferring assets from Elite), instead of an injury to the Plaintiff or Plaintiff's property.   The Court disagrees.

Accepting the Complaint's factual allegations as true, Count I can fairly be read to plead a plausible cause of action under § 523(a)(6).   It is alleged that the Notes were owed from Elite to the Plaintiff; thus, Plaintiff held an account receivable from Elite, separate from the guaranty owed by the Debtor individually.   The Complaint alleges that the Debtor devised and executed a scheme which resulted in intentional injury to the Plaintiff—i.e., the account receivable owed by Elite. The alleged conduct did not injure the Debtor's personal business; but rather that of a limited liability company of which he was a member.

This case is similar to *Master-Halco, Inc. v. Picard (In re Picard)*, 339 B.R 542 (Bankr. D. Conn. 2006), in which the Plaintiff, a manufacturer of fencing products and materials, alleged that it extended credit to Atlas, an entity controlled by Defendant.   Defendant also personally guaranteed the debt of the entity.   Plaintiff further alleged that Defendant took steps to shield

assets when the entity began to experience financial troubles by transferring assets.    Plaintiff's

complaint provided that these actions constituted a willful and malicious injury by the Defendant

to another entity under § 523(a)(6).    In denying (in part) defendant's motion to dismiss, the court

reasoned:

> The court concludes that the Debtor's transfer of his own property does not
> result in a Section 523(a)(6) nondischargeability claim.…
>
> However, to the extent that the Debtor is liable in damages to the Plaintiff for
> the transfer of Atlas' assets (rather than his own assets), Count Four should not be
> dismissed.    That is because the liability of the Debtor to the Plaintiff in respect of
> such transfer would not arise from the Guaranty but, rather from an "injury" to the
> Plaintiff's property (i.e., the receivable owing from Atlas).

*Id.* at 554-55.    The Court finds *Picard*'s reasoning persuasive.    Plaintiff has alleged a plausible

claim that the Debtor's conduct intended to and did cause injury to Plaintiff's interest in the Elite

account receivable.    Finally, as noted in the Debtor's Motion, Bankruptcy Rule 7009 and Rule

9(b) provide that malice, intent, knowledge, and other conditions of mind may be alleged

generally.    Count I states a claim upon which relief may be granted.

### B.  Count II-Section 727(a)(2)(A)

Section 727(a)(2)(A) provides:

> (a) The court shall grant the debtor a discharge, unless—
>
> …
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer
> of the estate charged with the custody of property under this title, has
> transferred, removed, destroyed, mutilated, or concealed, or has permitted to be
> transferred, removed, destroyed, mutilated, or concealed—
>
> (A) property of the debtor, within one year before the date of the filing
> of the petition.…

11 U.S.C. § 727(a)(2)(A).    "This section encompasses two elements: 1) a disposition of property,

such as concealment, and 2) a 'subjective intent on the debtor's part to hinder, delay or defraud a

creditor through the act disposing of the property.'"    *Keeney v. Smith, (In re Keeney)*, 227 F.3d

679, 683 (6th Cir. 2000) (quoting *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir.

1997)).   As noted above, generally conditions of a person's mind may be alleged generally.   FED.

R. CIV. P. 9(b).

 Count II of the Complaint alleges that the Debtor transferred title to a GMC within one year

of the filing of the petition with the intent to hinder, delay, or defraud a creditor or an officer of the

estate charged with custody of property.   Ignoring that conditions of mind may be pled generally,

the Defendant argues that no facts have been pled to evidence Debtor's actual intent to defraud.

The Debtor is incorrect.   As reviewed above, the Complaint alleges that Debtor advised the

Plaintiff he had no intention of paying the judgment and then factually describes the GMC transfer

in response to the Plaintiff's collection efforts.   Count II states a claim upon which relief can be

granted.

 Based on the foregoing, IT IS HEREBY ORDERED that the Motion to Dismiss [ECF No.

17] is DENIED and the Court will enter an amended Order for Trial.

8

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Monday, March 21, 2016**
**(tnw)**